Filed 6/13/24  P. v. Medina CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ENRIQUE DURAN MEDINA, <br><br> Defendant and Appellant. | B328814 <br><br> (Los Angeles County Super. Ct. No. VA118471) |

APPEAL from an order of the Superior Court of Los Angeles County, Debra A. Cole, Judge.  Reversed and remanded with directions.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Michael S. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Enrique Duran Medina (defendant) appeals from the trial court's denial of his Penal Code section 1172.6[1] resentencing petition as to his attempted murder conviction. The Attorney General concedes the trial court erred in denying the petition at the prima facie stage without issuing an order to show cause. We reverse and remand with directions.

## BACKGROUND

In December 2011, defendant and two codefendants were charged with murder (§ 187, subd. (a)) and attempted murder (§§ 187, subd. (a), 664) with allegations that these crimes were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)). Defendant also faced three allegations that he personally used a firearm, discharged a firearm, and discharged a firearm causing great bodily injury (§ 12022.53, subds. (b)-(d)). It was further alleged that a principal committed the same gun allegations (§ 12022.53, subds. (b)-(e)(1)).

In summary, the charges stemmed from a 2010 incident where gunshots were fired from inside a vehicle occupied by defendant and two codefendants in the direction of two victims, Robert Velasquez and Ruth Rodriguez, who were sitting next to each other on a wall in front of Rodriguez's residence. Rodriguez took cover behind the wall and Velasquez tried to run away. Velasquez died from a gunshot wound to the chest and Rodriguez was not injured.

At trial, the jury was given CALCRIM 600 and CALCRIM 402 which instructed on the "kill zone" theory and the natural and probable consequences doctrine, respectively, as to the attempted murder charge only. No felony murder instruction

---

[1] Unless indicated otherwise, all further statutory references are to the Penal Code.

2

was given.  The instruction on the natural and probable consequences doctrine for the attempted murder charge listed murder as the only possible target offense.

The jury convicted defendant of first degree murder and willful, deliberate and premeditated attempted murder.  It found gang allegations true as to both counts.  None of the gun allegations were found true.  Defendant was sentenced to 25 years to life in prison for the murder with a consecutive term of 15 years to life for the attempted murder.  This court affirmed the conviction with minor modifications to his sentence not relevant to this appeal. (*People v. Medina* (Feb. 5, 2015, B249059 [nonpub. opn.].)

In April 2019, defendant filed a resentencing petition pursuant to section 1170.95 (now 1172.6) which then allowed defendants convicted of murder under the felony murder rule or natural and probable consequences doctrine to seek resentencing under certain circumstances.  The trial court denied the petition, and this Court affirmed, on the basis that defendant was convicted of murder as a direct aider and abettor and relief was unavailable for attempted murder convictions.  (*People v. Medina* (Dec. 14, 2020, B304477 [nonpub. opn.].)  Our Supreme Court granted review and remanded with instructions to vacate our decision and reconsider the matter in light of Senate Bill No. 775 effective January 1, 2022.  In response, we affirmed the denial of the petition as to the murder conviction but remanded to the trial court for consideration of the attempted murder conviction pursuant to the intervening change in law.  (*People v. Medina* (Feb. 28, 2022, B304477 [nonpub. opn.].)

In February 2022, defendant, represented by counsel, filed a new section 1172.6 petition.  The People argued in opposition

that defendant failed to make a prima facie case because the jurors necessarily found he had the intent to kill Rodriguez when it found he had the intent to kill Velasquez for the target offense of murder. The People also argued that the instruction given under the kill zone theory required the jury to find intent to kill Rodriguez or intent to kill everyone within the kill zone. Defendant argued that the invalidated theory of natural and probable consequences was used regardless which established prima facie. On February 14, 2023, after oral arguments, the trial court agreed with the People and denied the petition.

### *DISCUSSION*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015; Senate Bill 1437), effective January 1, 2019, amended the felony murder rule and natural and probable consequences doctrine as it relates to murder "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) Senate Bill 1437 also added former section 1170.95, which provides procedures "for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis,* at p. 957.) Section 1170.95 was subsequently renumbered to section 1172.6 without substantive change.

Senate Bill No. 775 amended section 1172.6 to permit "persons [] convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine . . . the same relief as those persons convicted of murder under the same theories." (Sen. Bill No. 775 (2021-2022 Reg. Sess.), as amended Oct. 5, 2021, p. 3; Stats. 2021, ch. 551, § 1-2.)

4

Thus, effective January 1, 2022, section 1172.6 applies to persons previously convicted of attempted murder under a natural and probable consequences theory. (§ 1172.6, subd. (a).)

On appeal, defendant argues, and the Attorney General concedes, the jury may have convicted him of attempted murder based on imputed malice under the natural and probable consequence theory that is no longer permitted. CALCRIM 402 instructed the jury that defendant is liable for the attempted murder of Rodriguez if "1. [t]he defendant is guilty of murder; 2. [d]uring the commission of the murder, a coparticipant in that murder committed the crime of attempted murder; [and] 3. [u]nder the circumstances, a reasonable person in the defendant's position would have known that the attempted murder was a natural and probable consequence of the murder." With murder as the target offense, this instruction allowed the jury to determine that the attempted murder of Rodriguez was a natural and probable consequence of the intentional murder of Velasquez. This effectively permitted transference or imputation of the intent to kill Velasquez to intent to kill Rodriguez. "A person who intends to kill only one is guilty of the attempted (or completed) murder of that one but not also of the attempted murder of others the person did not intend to kill." (*People v. Bland* (2002) 28 Cal.4th 313, 317.) Because the jury may have relied on this theory, defendant is not – as a matter of law – ineligible for section 1172.6 relief on his attempted murder conviction.

### *DISPOSITION*

The order denying defendant's section 1172.6 petition is reversed, and the matter is remanded with directions to issue an order to show cause on the attempted murder conviction and hold

an evidentiary hearing in accordance with section 1172.6, subdivision (d).


                                        LEE, J.*

WE CONCUR:



        BAKER, Acting P. J.



        MOOR, J.

---

*        Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.